Reversed and Remanded and Memorandum Opinion filed February 3, 2009








Reversed
and Remanded and Memorandum Opinion filed February 3, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-08-00283-CV

____________

 

PROSKAUER ROSE LLP, Appellant

 

V.

 

PELICAN TRADING, INC., GMF TRADING,
LLC AND GEORGE M.  FLEMING, Appellees

 



 

On Appeal from the 164th
District Court

Harris County, Texas

Trial Court Cause No.  2007-56412

 



 

M E M O R A N D U M   O P I N I O N

This interlocutory appeal concerns a special appearance by
a New York law firm in a fraud case.  The law firm, Proskauer Rose LLP, moved
the trial court to dismiss it from the suit below because it claimed the court
lacked personal jurisdiction.  The trial court denied the motion.








The case arises from a series of business deals by appellee
George M. Fleming.  The deals were called APICO@ transactions, APICO@ standing for APersonal
Investment Corporation.@  The object of these deals was to create
a complex tax shelter that legitimately generated huge tax losses, and huge tax
savings, that were far in excess of any actual minor economic losses. 
Appellees Pelican Trading, Inc., and GMF Trading, LLC, are tax shelters created
as a result of these transactions.

Defendant Ernst & Young, LLP, which is not a party to
this appeal, assisted Fleming=s entry into the PICO transactions.  Ernst
& Young in turn arranged for Proskauer Rose to provide an opinion letter
advising that the transactions amounted to a legitimate tax strategy that Amore likely than
not@ would be upheld
in court against a challenge by the I.R.S.  Proskauer Rose was engaged by
Pelican, e-mailed several drafts to Pelican representatives for their review,
and ultimately provided the sought-after opinion letter.  Later, however, the
I.R.S. audited Fleming and the PICO transactions, resulting in Ahuge liabilities@ for Fleming.

Appellees sued Proskauer Rose and Ernst & Young jointly
in Harris County district court for both common-law and constructive fraud,
breach of contract (against Proskauer Rose only), breach of fiduciary duty,
conspiracy, professional malpractice, and unjust enrichment.  Proskauer Rose
specially appeared to challenge the trial court=s personal
jurisdiction over it.  After a non-evidentiary hearing, the trial court denied
the special appearance.  Proskauer Rose then filed this interlocutory appeal of
the trial court=s order.  See Tex. Civ. Prac. &
Rem. Code Ann. ' 51.014(a)(7) (Vernon 2008).   








Because the question of a trial court=s exercise of
personal jurisdiction over a nonresident defendant is one of law, this court
reviews a trial court=s determination on a request for a special
appearance de novo.  Moki Mac River Expeditions v. Drugg, 221 S.W.3d
569, 574 (Tex. 2007); Weldon‑Francke v. Fisher, 237 S.W.3d 789,
793 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  The Texas long‑arm
statute governs a Texas court=s exercise of jurisdiction over
nonresident defendants.  Tex. Civ. Prac. & Rem. Code Ann. '' 17.041B.045 (Vernon
2008).  The plaintiff bears the initial burden of pleading sufficient
allegations to invoke jurisdiction under this statute.  Moki Mac, 221
S.W.3d at 574; Markette v. X‑Ray X‑Press Corp., 240 S.W.3d
464, 466 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  The
nonresident defendant then assumes the burden of negating all bases of
jurisdiction in those allegations.  Moki Mac, 221 S.W.3d at 574; Markette,
240 S.W.3d at 466.  The requirements of the Texas long‑arm statute are
satisfied if an assertion of jurisdiction accords with federal due‑process
limitations.  Moki Mac, 221 S.W.3d at 575; Markette, 240 S.W.3d
at 467.  Under well-established federal due‑process requirements,
personal jurisdiction is proper when the nonresident defendant has established
minimum contacts with the forum state, and the exercise of jurisdiction
comports with Atraditional notions of fair play and substantial
justice.@  Moki Mac,
221 S.W.3d at 575 (quoting Int=l Shoe Co. v.
Washington, 326 U.S. 310, 316 (1945)); Markette, 240 S.W.3d at 467.  

A nonresident defendant=s contacts can
give rise to either general or specific jurisdiction.  Moki Mac, 221
S.W.3d at 575; Markette, 240 S.W.3d at 467. General jurisdiction is
based on continuous and systematic contacts with the forum, no matter whether
they relate to the case at hand.  Moki Mac, 221 S.W.3d at 575;  Markette,
240 S.W.3d at 467.  Specific jurisdiction, on the other hand, is based on
purposeful contacts that do give rise or relate to the litigation.  Moki Mac,
221 S.W.3d at 575B76;  Markette, 240 S.W.3d at 467. 
In this case, the trial court did not specify whether Proskauer Rose=s contacts with
Texas created either general or specific jurisdiction.  








Proskauer Rose does not practice in Texas; has no
registered agent, offices, property, or employees in Texas; and does not
advertise, solicit, or promote its services in Texas.  Such an absence of Acontinuous and
systematic@ contacts with this state means that our courts cannot
exercise general jurisdiction over Proskauer Rose.  See Moki Mac, 221
S.W.3d at 575;  Markette, 240 S.W.3d at 467.  So any exercise of
personal jurisdiction in this case must be based on specific jurisdiction.  And
for there to be specific jurisdiction, Proskauer Rose must have made minimum
contacts with Texas by purposefully availing itself of the privilege of doing
business here, and the firm=s liability must arise from or relate to
those contacts.  See Moki Mac, 221 S.W.3d at 575B76;  Weldon‑Francke,
237 S.W.3d at 794; Markette, 240 S.W.3d at 467.  

There are three parts to a Apurposeful
availment@ inquiry.  Michiana Easy Livin= Country, Inc. v.
Holten, 168 S.W.3d 777, 785 (Tex. 2005);  Johns Hopkins Univ. v. Nath,
238 S.W.3d 492, 497 (Tex. App.CHouston [14th Dist.] 2007, pet. denied). 
First, only the defendant=s contacts with the forum are relevant,
not the unilateral activity of another party or a third person.  Michiana,
168 S.W.3d at 785; see also Burger King Corp. v. Rudzewicz, 471 U.S.
462, 475 (1985).  Second, the contacts must be purposeful instead of merely
fortuitous.  Michiana, 168 S.W.3d at 785.  Finally, through the contacts
the defendant must be seeking some benefit, advantage, or profit.  Id.  

In support of its special appearance, Proskauer Rose
submitted an affidavit in which its general counsel testified that: 

$       Proskauer Rose is a partnership
organized in the State of New York;

$       Proskauer Rose is not engaged in
any activities that constitute doing business in Texas;

$       Proskauer Rose is not required to
maintain a registered agent for service in Texas;

$       Proskauer Rose does not maintain a
place of business, office, bank account, telephone number, or post office box
in Texas;  Proskauer Rose does not have any employees, representatives, or
agents within Texas;

$       Proskauer Rose does not own, lease,
or control any real or personal property or assets located in Texas; and

$       Proskauer Rose
does not solicit, advertise, or promote its services in Texas.








In response to Proskauer Rose=s special
appearance, appellees submitted an affidavit by George Fleming in which he
testified that he did not solicit Proskauer Rose to represent him or issue the
PICO-transaction opinion letter.  Fleming also testified that Ernst & Young
presented Proskauer Rose to him as the law firm it had enlisted to provide
opinion letters on some of its PICO transactions.  Finally, Fleming testified
that Ernst & Young had relayed information about his PICO transactions to
Proskauer Rose through Ernst & Young employees based in Texas.  Along with
this affidavit, appellees attached the following documents to their response:

$       a copy of an e-mail from Proskauer
Rose to Tom Walsh (an officer of both Fleming & Associates and Pelican)
transmitting the engagement letter, as well as a copy of the engagement letter
itself which was addressed to Pelican=s Houston office;    

$       a copy of a letter from Pelican to
Proskauer Rose transmitting the executed engagement letter, along with a copy of
a check to Proskauer Rose for $100,000, drawn on Pelican=s Texas bank account;

$       a copy of an e-mail from Proskauer
Rose to Walsh transmitting a draft tax-opinion letter;

$       a copy of an e-mail from Proskauer
Rose to WalshCas well as two other lawyers of a
Texas firm representing Fleming before the I.R.S.Ctransmitting a draft tax-opinion letter soliciting
comments;

$       a copy of an e-mail from one of
Fleming=s Texas attorneys to another Texas
attorney in the same firm forwarding a red-lined version of Proskauer Rose=s draft opinion letter; and

$       a copy of an  e-mail from Proskauer
Rose to Walsh transmitting a ACertificate of Facts@ concerning the PICO.

Taken together, the specific-jurisdiction evidence both
sides submitted shows that, based on Ernst & Young=s recommendation,
Pelican hired Proskauer Rose to review the PICO transactions and create the
opinion letter; and  Proskauer Rose created drafts, presented them to Pelican
for review, and ultimately delivered the opinion letter along with some other
requested documents.  The appellees argue that the six contacts Fleming refers
to in his affidavitCalong with Proskauer Rose=s alleged wrongful
actsCare enough to
create specific jurisdiction. 








The circumstances of this case are like those we addressed
in Markette v. X‑Ray X‑Press Corp.  In Markette, we
addressed whether the actions of an Indiana attorney representing Texas
residents in Indiana created purposeful contacts sufficient to create specific
jurisdiction.  See 240 S.W.3d at 466B69.  The appellee
in Markette arguedClike the appellees in this caseCthat the
out-of-state attorney had committed malpractice, fraud, and breach of fiduciary
duty by giving legal advice to Texas residents which ultimately led to a
judgment against them.  The Markette appellee also argued that the
attorney=s act of directing
this advice, containing alleged misrepresentations, to Texas amounted to
purposeful availment sufficient for specific jurisdiction.  We rejected this
reasoning, holding that any legal advice provided by the attorney was created
in IndianaCnot TexasCand that any torts
allegedly Adirected@ at Texas could
not form the basis for exercising specific jurisdiction.  Id. (citing Michiana,
168 S.W.3d at 790B92).

The communications outlined in Fleming=s affidavit do not
qualify as the type of Apurposeful contacts@ required under Michiana
and Markette to convey specific jurisdiction.  First, the engagement
letter e-mailed from New York to Walsh was the result of Ernst & Young=s introduction of
Proskauer Rose to Pelican.  Next, neither Pelican=s transmittal of
the signed engagement letter to Proskauer Rose nor the accompanying check drawn
on Pelican=s Texas bank qualifies as a Apurposeful@ contact because
they were Pelican=s actions, not Proskauer Rose=s.  See
Michiana, 168 S.W.3d at 785; Nath, 238 S.W.3d at 497.  For the same
reason, Pelican=s Texas attorneys exchanging copies of the
draft opinion letter is no Apurposeful@ act by Proskauer
Rose.   








Also, the draft opinion letters and ACertificate of
Facts@ transmitted both
to Pelican and its Texas attorneys reflect legal services performed in New
York, not Texas.  See Markette, 240 S.W.3d at 468B69.  We observed
in Markette, in agreement with other Texas courts, that neither the mere
existence of an attorney-client relationship between a resident client and an
out-of-state attorney nor the routine correspondence and interactions attendant
to that relationship are enough to confer personal jurisdiction.  Markette,
240 S.W.3d at 468 n.2; see also Geo‑Chevron Ortiz Ranch #2 v.
Woodworth, No. 04‑06‑00412‑CV, 2007 WL 671340, at *3, 5
(Tex. App.CSan Antonio Mar. 7, 2007, pet. denied) (mem. op.);  Bergenholtz
v. Cannata, 200 S.W.3d 287, 293B97 (Tex. App.CDallas 2006, no
pet.); Klenk v. Bustamante, 993 S.W.2d 677, 682B83 (Tex. App.CSan Antonio 1998,
no pet.)  disapproved on other grounds by BMC Software Belgium, N.V. v. 
Marchand, 83 S.W.3d 789 (Tex.  2002); Myers v. Emery, 697 S.W.2d 26,
31B32 (Tex. App.CDallas 1985, no
pet.).  The appellees attempt to distinguish Markette.  But an
examination of the issues in both cases reveals that the Markette appellee
and the appellees in this case make the same argumentCthat an
out-of-state attorney=s communication into Texas of legal advice
containing alleged misrepresentations or omissions constitutes purposeful
availment.  We rejected this argument in Markette, and we do so again
today. 

The appellees= primary legal
authority for personal jurisdiction in this case comes from the Fifth Circuit
Court of Appeals= decision in Wien Air Alaska, Inc. v.
Brandt, 195 F.3d 208 (5th Cir. 1999).  In that case, the Fifth Circuit held
that communications from a German lawyer to his Texas clientCalleged to contain
fraudulent misrepresentations, promises, and omissions forming the basis for
the suitCwere sufficient minimum
contacts to create specific jurisdiction.  Id. at 215B16.  Specifically,
the court stated, AWhen the actual content of communications
with a forum gives rise to intentional tort causes of action, this alone
constitutes purposeful availment. The defendant is purposefully availing
himself of >the privilege of causing a consequence= in Texas.@  Id.  at
213.  But the Texas Supreme Court expressly rejected this Adirected tort@ rationale for Apurposeful
availment@ six years later in Michiana Easy Livin= Country, Inc.  168 S.W.3d at 788B90.  And in both
their response to Proskauer Rose=s special
appearance and their brief to this court, the appellees fail to point to a
single decision post-Michiana that provides authority for their Adirected tort@ theory. 








Instead, they attempt to distinguish Michiana.  What
makes that case different from this one, the appellees argue, is that the
defendant in Michiana made his allegedly fraudulent misrepresentations
during a single phone call initiated not by him, but by the plaintiff in
Texas.  They contrast that with their allegations that Proskauer Rose Apurposefully
directed its legal advice to Texas and purposefully withheld relevant
information in the course of doing so.@  Still, it
remains that Proskauer Rose=s legal advice was conceived in New York
and found its way to Texas not because of any contact Proskauer Rose
initiated.  Fleming states in his own affidavit that Ernst & Young
presented Proskauer Rose to Pelican.  The appellees= Adirected tort@ theory is
directly analogous to, and barred by, the holding of Michiana. 

Because Proskauer=s very limited
contacts with this state do not amount to Apurposeful
availment,@ the trial court had no basis to exercise specific
jurisdiction over Proskauer Rose.  See Moki Mac, 221 S.W.3d at 575B76;  Weldon‑Francke,
237 S.W.3d at 794; Markette, 240 S.W.3d at 467.  And because the trial
court erred in denying Proskauer Rose=s special
appearance, we reverse the trial court=s order and remand
to the trial court with instructions to sever the order and dismiss all claims
against Proskauer Rose for lack of personal jurisdiction. 

 

 

 

/s/      Jeffrey V. Brown                                                                                      Justice

 

Panel
consists of Chief Justice Hedges, and Justices Guzman, and Brown.